John Frank Serafine
1233 E. Palo Verde Dr.
Phoenix, AZ 85014
State Bar No. 020923
Email: jfserafine@gmail.com
Telephone: (602) 237-6465

John Frank Serafine, in propria persona

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| John Frank Serafine,<br><br>       Plaintiff,<br><br>    v.<br><br>Transdev Services, Inc.; City of Phoenix; Regional Public Transportation Authority; Valley Metro Rail, Inc.; and Jane Doe and Jane Doe Spouse,<br><br>       Defendants. | Case No.  CV-25-2286-PHX-DWL<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br>(Assigned to the Honorable Dominic W. Lanza) |

Pursuant to Rule 26(f), Fed. R. Civ. P., and this Court's Order Requiring Rule 26(f) Report [ECF No. 33], Plaintiff John Frank Serafine, Defendant Transdev Services, Inc., Defendant City of Phoenix, Defendant Regional Public Transportation Authority, and Defendant Valley Metro Rail, Inc., hereby respectfully submit their Joint Case Management Report.

**1.     Parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report.**

The Rule 26(f) meeting took place on October 1, 2025. The following attended the meeting and participated in developing the Joint Case Management Report.

On behalf of Plaintiff, John Frank Serafine.

On behalf of Defendants Transdev Services, Inc. and City of Phoenix, attorney Leeza Birko.

On behalf of Defendants Regional Public Transportation Authority and Valley Metro Rail, Inc., attorney Michael Wawro.

**2.   A list of all parties in the case, including any parent corporations or entities (for recusal purposes).**

Plaintiff:         John Frank Serafine who is an individual.

Defendants:    Transdev Services, Inc. (Transdev Services North America, Inc., Parent Corporation)

City of Phoenix

Regional Public Transportation Authority

Valley Metro Rail, Inc.

**3.   Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared.**

Transdev and the City of Phoenix have been served and have answered.

RPTA and Valley Metro Rail have been served but have not answered because they filed a Motion to Dismiss on July 25, 2025. That motion has been fully briefed and is pending before this Court.

Plaintiff has not served Jane Doe and Jane Doe Spouse because Plaintiff has been unable to ascertain their identities. Jane Doe and Jane Doe Spouse were terminated from this case on October 2, 2025.

**4.     A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings.**

Plaintiff expects to add additional parties to the case. Plaintiff expects to add the Jane Doe bus driver and her spouse as soon as Plaintiff ascertains their identities through either the Rule 26(a) initial disclosure statements or discovery pursuant to the Federal Rules of Civil Procedure.

RPTA and VMR do not currently intend to add any parties to the case.

Defendants City of Phoenix and Transdev Services, Inc. do not intend to add any parties to the case.

**5.     The names of any parties not subject to the Court's personal (or *in rem*) jurisdiction.**

None.

**6.     A description of the basis for the Court's subject matter jurisdiction citing specific jurisdictional statutes.**

This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's federal law claims. This Court has supplemental jurisdiction pursuant to § 1367(a) for Plaintiff's state law claims.

RPTA and VMR contend that this Court does not have jurisdiction as Plaintiff has failed to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6), as stated in their Motion to Dismiss.

Defendants Transdev Services, Inc. and City of Phoenix contend that this Court does not have subject matter jurisdiction due to Plaintiff's failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6).

**7.    A short statement of the nature of the case (no more than 3 pages) including a description of each claim, defense, and affirmative defense.**

Plaintiff:  Plaintiff has nine claims.  They are (1) False Imprisonment, (2) Assault, (3) Battery, (4) Negligence, (5) Negligence per se, (6) Breach of Contract, (7) Title VI, (8) 1983 Civil Rights Conspiracy, and (9) 1985 Civil Rights Conspiracy.

Plaintiff rode a City bus pursuant to an implied contract of carriage on March 12, 2025.  Plaintiff stood at the bus doors when it was time to disembark.  A "Jane Doe" bus driver employed by Transdev refused to open the doors.  Her refusal was on account of race.  She later relented but intentionally struck Plaintiff with at least one door as he began to alight.  Plaintiff saw a door close on him.  Plaintiff suffered loss of time, anxiety, and discomfort.  In regard to negligence, a bus driver departs from her duty to passengers when acting unreasonably under all the circumstances.

The "full terms and conditions" that purportedly govern Plaintiff's Copper fare card contain forum selection and limitation of liability provisions that are unconstitutional because they do not allow passengers to bring money damages lawsuits against Phoenix, RPTA, or Valley Metro Rail.  The terms and conditions deterred

Plaintiff from filing suit in this Court. They also caused him to stop using buses and light rail trains for intrastate travel. In the year 2023, sixty percent of transit passengers were minorities. Phoenix, RPTA, and Valley Metro wrote or caused to be written the full terms and conditions.

<u>RPTA and VMR:</u>  Defendants RPTA and VMR have filed a Motion to Dismiss stating the factual and legal insufficiencies of Plaintiff's Complaint against them.

<u>Transdev and City of Phoenix:</u>  Defendants Transdev Services, Inc. and City of Phoenix deny liability and damages. Defendants Transdev Services, Inc. and City of Phoenix allege that no acts of negligence on their part occurred against Plaintiff and there was no unreasonably dangerous condition created by Defendants Transdev Services, Inc. and City of Phoenix. Defendants Transdev Services, Inc. and City of Phoenix allege that any purported damages of Plaintiff were the result of Plaintiff's actions and he assumed the risk.

**8.   A listing of contemplated motions and a statement of the issues to be decided by those motions.**

Plaintiff contemplates filing a motion for leave to amend the Complaint so as to include the Jane Doe bus driver and her spouse as defendants. He also contemplates filing a summary judgment motion to have the full terms and conditions held unenforceable and unconstitutional.

Defendants RPTA and VMR have filed a Motion to Dismiss. If the case proceeds, Defendants RPTA and VMR will file a Motion for Summary Judgement because it is undisputed that: 1) Valley Metro is not the owner or operator of the bus

service in question, and 2) Valley Metro performed the ticketing arrangement with Plaintiff.

Defendants Transdev Services, Inc. and City of Phoenix anticipate filing a motion for summary judgment on all of Plaintiff's claims against them.

**9.     The prospects for settlement including whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference.**

Plaintiff is amenable to settlement.  He also believes that the case is suitable for reference to a United States Magistrate Judge for a settlement conference.

A settlement conference should be unnecessary.  Otherwise, Defendants RTPA and VMR take no position.

Defendants Transdev Services, Inc. and City of Phoenix are willing to participate in a settlement conference before a United States Magistrate Judge.

**10.     The status of any related cases pending before this or other courts.**

Plaintiff is unaware of any related cases.  Defendants are unaware of any related cases.

**11.     A discussion of any issues relating to preservation, disclosure, or discovery of electronically store information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced**.

Plaintiff:  Plaintiff was told at the Rule 26 meeting that Transdev and the City of Phoenix "do not see this as an ESI case."  This is an ESI case.  In 2020, the City of Phoenix awarded a contract for development of the new fare collection system (Valley Metro app and Copper card) to a technology company.  The contract and its attachments

are 384 pages long but mention a "cardholder agreement" once: "The website will include . . . the cardholder agreement." Plaintiff alleges that Defendants City of Phoenix, RPTA and VMR wrote or caused to be written the Valley Metro App Terms and Conditions (VMAT&C). There most certainly will be electronic communications going back and forth between these Defendants and the technology company about the VMAT&C. In advance of the Rule 26 meeting, Plaintiff emailed defense counsel a letter setting forth suggested date parameters, search terms, and custodians. (He added the term "miscellaneous" at the meeting.) Plaintiff specifically requested that records pertaining to the authorship of the VMAT&C be produced in a form that will provide metadata such as creation, modification, and date sent. Plaintiff discussed other categories of ESI at the meeting.

<u>RPTA and VMR:</u> Defendants RPTA and VMR dispute the relevance of ESI in this matter. In any event, they will not dispose of ESI until the case is resolved.

<u>Transdev and City of Phoenix:</u> vDefendants Transdev Services, Inc. and City of Phoenix find that there are no issues relating to the preservation or disclosure of ESI. To the extent non-privileged, non-confidential, and/or non-protected ESI exists and is subject to disclosure by the parties, the parties will develop a protocol for its production.

**12.    A discussion of any issues relating to claims of privilege or work product.**

<u>Plaintiff:</u> Communications between the City of Phoenix and other Defendants are not attorney-client privileged. RPTA and VMR are separate legal entities so it stands to reason that communications between them would not be attorney-client privileged. Any

of Defendants' communications with the technology company would break attorney-client privilege. Plaintiff requested at the meeting that privilege logging be done on a document-by-document basis but no agreement was reached in this regard.

Defendants RPTA and VMR assert their right to the attorney client privilege and assert their communications with outside counsel are similarly protected.

Defendants Transdev Services, Inc. and City of Phoenix reserve their rights to attorney-client privilege.

**13.    A discussion of necessary discovery which should take into account the December 1, 2015 amendments to Rule 26(b)(1) and should include:**

**a.    The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case.**

Plaintiff discussed his need for the audio/video footage from the bus on March 12, 2025. Plaintiff discussed his need to inspect and photograph the bus at issue. Plaintiff discussed his need for passenger notices of claims and lawsuits; he stated that ten years should be both sufficient and proportional. Plaintiff discussed his need for training materials for customer complaints under the new fare collection system.

Defendants Transdev Services, Inc. and City of Phoenix anticipate serving written discovery and deposing Plaintiff, any necessary fact witnesses, and any experts disclosed by Plaintiff. Defendants Transdev Services, Inc. and City of Phoenix may disclose experts to rebut the opinions of any experts disclosed by Plaintiff.

**b.    Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure.**

The parties are not currently requesting any exceptions to the Federal Rules concerning discovery.

**c.     The number of hours permitted for each deposition.  The parties also should consider whether a total number of deposition hours should be set in the case.**

Seven hours.

Defendants Transdev Services, Inc. and City of Phoenix propose a default limitation of four (4) hours for fact witness depositions and seven (7) hours for expert witness depositions.

**14.    Proposed deadlines for each of the following events.**

**a.     Deadline for the completion of fact discovery, which will also be the deadline for pretrial disclosures pursuant to Rule 26(a)(3).**

May 29, 2026.

**b.     Dates for full and complete expert disclosures and rebuttal expert disclosures, if any.**

Deadline for Plaintiff to disclose expert witness identities and opinions May 29, 2026.

Deadline for Defendants to disclose expert witness identities and opinions:  June 26, 2026.

Deadline for rebuttal expert identities and opinions:  July 31, 2026.

**c.     A deadline for completion of all expert depositions**.

September 18, 2026.

    **d.    A date by which any Rule 35 physical or mental examination will be noticed if such an examination is required by any issues in the case.**

June 26, 2026.

    **e.    A deadline for filing dispositive motions.**

October 30, 2026.

    **f.    Case-specific deadlines and dates, such as the deadline to file a motion for class certification or a date on which the parties are available for a *Markman* hearing.**

None.

    **g.    A date by which the parties shall have engaged in face-to-face good faith settlement talks.**

October 30, 2026.

    **h.    Whether a jury trial has been requested and whether the request for a jury trial is contested.**

A jury trial has been requested.  The request has not been contested.

    **i.    Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.**

None.

    **15.    A statement indicating whether the parties would prefer that the Court hold a case management conference before issuing a scheduling order--and, if so, an explanation of why this would be helpful.**

Plaintiff respectfully requests that the Court hold a case management conference before issuing a scheduling order to (1) address the disagreement between Plaintiff and Defendants over whether this case involves electronically stored information and (2) address the issue of privilege logging on a document-by-document basis.

Defendants RPTA and VMR suggest that discovery begin after a ruling on their Motion to Dismiss.

RESPECTFULLY SUBMITTED this 10th day of October, 2025,

By: /s/ John Frank Serafine

John Frank Serafine, #020923
1233 E. Palo Verde Dr.
Phoenix, AZ 85014
Email: jfserafine@gmail.com
Telephone: (602) 237-6465

John Frank Serafine, in propria persona

## CERTIFICATE OF SERVICE

I hereby certify that on October 10th, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

William C. Nelson, Esq.
Leeza Birko, Esq.
**Wilson, Elser, Moskowitz, Edelman & Dicker LLP**
2231 East Camelback Road, Suite 200
Phoenix, AZ 85016
Email: William.Nelson@wilsonelser.com
*Attorneys for Transdev Services, Inc. and City of Phoenix*

///

///

Michael Wawro, Esq.
**Valley Metro Rail, Inc.**
101 North 1st Avenue, Suite 1300
Phoenix, AZ 85003
Email:  litigation@valleymetro.org
*Attorney for Regional Public Transportation Authority and Valley Metro Rail, Inc.*

By:   /s/  John Frank Serafine